## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(5) MIRIAM BEN-SHALOM &<br>(12) IAN FINKENBINDER,<br><br>Defendants. | No. 10-mj-00739 (AK) |

**FILED**

FEB 2 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### MEMORANDUM OPINION

Defendants Miriam Ben-Shalom and Ian Findenbinder (collectively, "Defendants")

brought a Motion for Leave to Withdraw their Guilty Pleas [66].  The undersigned held a hearing

on the Motion on February 2, 2012 and the Motion will be denied for the following reasons.

### I.  FACTUAL BACKGROUND

On November 15, 2010, Defendants, along with 11 others, participated in a protest of the

federal government's "Don't Ask, Don't Tell" policy, handcuffing themselves to the White

House fence. (Defs.' Mot. to Withdraw Plea of Guilty [66] ("Defs.' Mot. to Withdraw") at 1.)

The United States Park Police ordered Defendants to disperse, and Defendants refused. (*Id.*)

They were arrested along with the other protesters and charged with failure to obey a lawful order

under 36 C.F.R. § 2.32(a)(2). (Gov't Mot. to Dismiss Defs.' Mot. to Withdraw Plea of Guilty

[102] ("Gov't Mot. to Dismiss") at 1.)

Defendants were offered a deferred-sentencing agreement ("DSA"), which they accepted, along with 10 of the 11 other protesters. (*See* Plea Agreement [44] at 6-7.) Under the DSA, in return for pleading guilty, Defendants' sentencing was deferred for four months, until September 10, 2011. (*Id.* at 3.) The Government agreed that if Defendants did not get arrested and otherwise complied with the conditions of the agreement during that four month period, the Government would file a motion for dismissal of the charges. (*Id.*) Dan Choi ("Choi") was the only protester to decline the DSA. (Defs.' Mot. to Withdraw at 2.) Choi went to trial before Magistrate Judge John Facciola and was acquitted in a case currently on appeal with the United States Court of Appeals for the District of Columbia. (Defs.' Mot. to Withdraw at 2; Notice of Appeal [93].)

During the plea proceedings, the undersigned asked questions of Defendants, including: (1) whether they understood the charges brought against them; (2) whether they recalled signing the plea agreement; (3) whether they were pleading guilty because they were indeed guilty; and (4) whether they had been coerced into signing the plea agreement. (*See* Gov't's Mot. to Dismiss at 3.) Each of the Defendants answered in the affirmative to the first three questions and negative to the last question. (*Id.* at 4-5.) When asked how they pleaded, Finkenbinder answered "guilty" and Ben-Shalom answered "guilty but I'm not a criminal." (Gov't's Mot. to Dismiss at 7.)

Ben-Shalom also gave an individual statement in which she said: "[t]oday I stand here before this Court being required to make a plea concerning criminal conduct misdemeanor of appropriately protesting a bad law." (*Id.*) The Government asked that she clarify her statement that she was "required to plead guilty." The undersigned inquired of Ben-Shalom further as to

-2-

whether she felt as though she was forced into pleading guilty and reminded her of her right to go to trial. (*Id.* at 7-8.) Ben-Shalom responded: "yeah, I didn't obey the order, okay? I'm guilty." (*Id.* at 8.)

On Monday, September 12, 2011, the Government filed a Motion to Dismiss regarding the 12 protesters who participated in the DSA, including Defendants. (*Id.* at 9.) Pre-Trial Services Agency submitted a status report stating that Defendants had complied with the conditions of the DSA. (*Id.* at 9-10.) On the afternoon of September 12, 2011, the undersigned signed an order granting the Motion to Dismiss, and the order was entered on September 13, 2011. (Order Granting Motion by USA to Dismiss Case, [65].)

Also on the morning of September 12, 2011, Mark Goldstone ("Goldstone"), counsel for Defendants, contacted Assistant United States Attorney Angela George ("George") to confirm that the Government was going to dismiss the charges as provided in the DSA. (Defs.' Mot. To Withdraw at 3.) At the hearing before the undersigned on February 2, 2012, Goldstone clarified the time line of relevant events. He stated that George confirmed via e-mail at 12:14 pm on September 12, 2011 that a Motion to Dismiss had been prepared and sent to the undersigned. Around the same time, Goldstone was contacted by Choi, who detailed alleged issues with the arrest and prosecution of all the protesters that were uncovered during Choi's trial before Magistrate Judge Facciola.

On the afternoon of September 12, 2011, Goldstone convened a conference call with the 12 protesters who had pleaded guilty. (*Id.*) He outlined the information from Choi and asked if any of the protesters wished to withdraw their guilty pleas. (*Id.*) Defendants requested that their guilty pleas be withdrawn. (*Id.*) Goldstone stated at the hearing that on September 13, 2012, at

2:02 pm, Goldstone e-mailed a group of people, including George, and Deborah Mulligan, law clerk for the undersigned, notifying them that Defendants wished to withdraw their guilty pleas. Goldstone noted that he left additional phone messages and sent additional emails to the undersigned's chambers that afternoon.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, whose power only extends to deciding actual "cases" or "controversies" between parties. U.S. CONST., art. III, § 2, cl. 1; *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96, 100 S.Ct. 1208 (1980). The controversy "must be extant at all stages of review." *Alvarez v. Smith*, ___ U.S. ___, 130 S. Ct. 576, 580 (2009). A court's power to issue relief is dependant upon the court's jurisdiction over the controversy. *United States v. Denedo*, 129 S. Ct. 2213, 2221 (2009).

The standard for whether a defendant may withdraw a guilty plea depends upon: (1) whether the judge has accepted the guilty plea; and (2) whether the defendant has been sentenced. Fed. R. Crim. P. 11(d). Generally, where the judge has accepted a guilty plea but the defendant has not yet been sentenced, the defendant must show a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). After the defendant has been sentenced, the guilty plea may not be withdrawn. Fed. R. Crim. P. 11(e).

Rule 11 is not applicable here because Ben-Shalom and Findenbinder were never sentenced, rather, their case was dismissed prior to sentencing following their deferred sentencing agreement. (Order granting Motion by USA to Dismiss Case.) The undersigned signed the order granting the Government's Motion to Dismiss on September 12, 2011. (*Id.*)

Defendants contend in their Motion to Withdraw that through counsel, they "attempted to notify the Magistrate Judge (and also notified AUSA George) to not sign the Dismissal Order because they intended to withdraw their plea" and that "this notification took place before the Judge signed the order which dismissed the cases." (Defs.' Mot. to Withdraw at 6.)  However, the time line of events Defense Counsel offered during the hearing before the undersigned on February 2, 2012 belie that statement.  To the contrary, Defense Counsel made clear that the attempt to notify the undersigned occurred on the afternoon of September 13, 2011, the day after the undersigned signed the Motion to Dismiss.

Accordingly, no live controversy existed on the afternoon of September 13, 2011, when Defendants expressed their desire to withdraw their guilty pleas.  Without a live controversy, this Court lacks jurisdiction to grant any relief to Defendants, including the withdrawal of their guilty pleas. *See Denedo*, 129 S. Ct. at 2221.[1]  In order for a case or controversy to be recreated, the dismissal would need to be vacated, an issue that is not before the Court at this time.[2]  Because the dismissal remains valid, Defendants' motion must be denied.

---

[1] The two defendants had four months to file a motion to withdraw their pleas of guilty before the case was dismissed and failed to do so.

[2] Defendants have cited no federal statute or case law that authorizes a court to vacate a dismissal by the prosecuting authority for the purpose of setting aside a voluntary plea of guilty.

### III.  CONCLUSION

For the reasons set forth, Defendants' Motion for Leave to Withdraw their Guilty Pleas

will be denied for lack of jurisdiction.  A separate order will accompany this opinion.

Date: February 21, 2012

ALAN KAY
UNITED STATES MAGISTRATE JUDGE